THE STATE *ex rel.* ING, *Prosecuting Attorney*, v. McSPADEN.

### Division One, February 20, 1897.

• 1. **Schools**: DIRECTORS: INELIGIBILITY OF WOMEN. Under section 8086 (R. S. 1889) a woman is not eligible as school director of Piedmont, Missouri, because directors in such cities must be "qualified voters," and only males may be voters under the Missouri constitution.

2. ———: ———: QUALIFICATIONS DETERMINABLE BY LEGISLATURE. The qualifications of school directors prescribed by the statute (sec. 8086) are not merely directory. The legislature has power to define the qualifications for officeholding, within the limitations of the constitution.

3. **Quo Warranto**: PENDENCY OF IN CIRCUIT COURT. The pendency in a circuit court of an information in the nature of a *quo warranto* by a county prosecuting attorney, at the instance of a private relator, is no ground to abate a later information in the supreme court by the same prosecuting attorney *ex officio*.

4. ———: LACK OF AUTHORITY: WAIVER. Any objection of want of authority to institute a proceeding in *quo warranto* on behalf of the state is waived if not seasonably made in the cause.

*Quo Warranto.*

JUDGMENT OF OUSTER ENTERED.

*S. R. Durham* for relator.

(1) The circuit court of Wayne county, Missouri, has acquired no jurisdiction of the person of respondent, McSpaden, as she has never been served with a

writ and no writ has issued from said court for service upon her.    The practice in *quo warranto* is governed by the civil code.    R. S. 1889, sec. 2013; *Fenwick v. Gill,* 38 Mo. 525; *Burton v. Deleplain,* 25 Mo. App. 376; *State ex rel. Brison v. Lingo,* 26 Mo. 496.    (2) If the criminal practice applies as contended by respondents, this information must supersede the case in the circuit court.    R. S. 1889, sec. 4102; *State v. Eaton,* 75 Mo. 586; *State v. Vincent,* 91 Mo. 665; *State v. Anderson,* 96 Mo. 245.    (3) The statute is not directory, but expressly provides that the persons elected as school directors shall be qualified voters of the district.    R. S. 1889, secs. 8086 and 7988.    And they must possess the qualifications at the time of their election.    *State ex rel. Walker v. Rebeneck,* 135 Mo. 340.    (4) The contention of respondents Lee, Clore, and Bates, that their appointment was made from sheer necessity to enable the school population to receive the benefits of the public school, is wholly unsupported by the testimony, but on the contrary it is plain that they were appointed for the purpose of forcibly taking the control and management of the school from the legally organized school board.    If their contention were true, then why the necessity of camping in the schoolhouse with guns and clubs and barricading the doors, etc. Under such circumstances their plea of guilty should not entitle them to the mercies of the court, but the court should teach them a lesson by inflicting a fine upon them in addition to the judgment of ouster.    See sec. 7394, R. S. 1889.

*J. C. Carty* for respondent.

(1) This action, so far as respondent McSpaden is concerned, should be abated.    The circuit court of Wayne county has prior jurisdiction, and its jurisdic-

tion should not be disturbed.   The leading general principle, as to concurrent jurisdiction, is, that whichever court of those having jurisdiction first acquires possession of a cause, will retain it throughout.   Wells on Jurisdiction of Courts, sec. 156; *Winn v. Albert*, 2 Md. Chan. Dec., p. 54; *Conover v. Mayor, etc.*, 25 Barb., p. 513, see p. 524; *Claywell v. Sudderth*, 77 N. C., p. 287; *McCarthy v. Peake*, 18 How. (N. Y.) Pr., p. 138; *City of Pilot Grove v. McCormick*, 56 Mo. App. 530.   (2) It is not essential that the parties in one cause should be the parties in the other.   "The court will take notice of the real parties to the suit."   *Ex'rs of Tate v. Hunter*, 3 Strobh. Eq., p. 139; *Warfield v. Davis*, 14 B. Mon., p. 42; *Merriam v. Railroad*, 136 Mo. 145.   (3)   It is not essential that the actions should be the same in character and form.   If they are intended to remedy the same wrong, or to enforce the same right, and have that effect if enforced, one is a bar to the other. *Conover v. Mayor, etc.*, 25 Barbour, p. 513; *French v. Neal*, 24 Pick. 61, and cases cited; Wells on Res Adjudicata, pp. 10, 11, 12, and 13.   (4) The test is whether a final judgment in one case would be *res adjudicata* to the other; and according to Mr. Bishop, the test as to whether a criminal prosecution is *res adjudicata* is, whether, if what is set out in the second indictment had been proved under the first there could have been a conviction; when there could, the second can not be maintained.   1 Bishop's New Crim. Law, sec. 1051, subdivision (6).   (5) The jurisdiction of the circuit court of Wayne county attached upon the filing of the information therein.   The code of civil procedure does not apply.   In this respect the proceeding is criminal.   *City of Pilot Grove v. McCormick*, 56 Mo. App. 530.   Section 7390, Revised Statutes 1889, says:   *   *   *   "And when such information has been filed and proceedings have been com-

menced, the same shall not be dismissed." (6) The election of respondent McSpaden was valid. Mere irregularities or informalities will not be permitted to defeat the popular will, especially when acquiesced in by all parties concerned or interested. The acts of Clark prior to and on election day, were tantamount to a resignation, an abandonment of the office by him, and taken with the acts of the board, cured all defects, apparent from the record, in the title of respondent McSpaden to the office. Clark's acts would clearly estop him from asserting or claiming to be director, and the state is estopped to the same extent and with like effect as Clark. (7) Respondent McSpaden is eligible to the office of school director. Unless prohibited by the constitution, or the express terms of some statute, women are eligible for school directors. Opinion of Justices, 115 Mass. 602; *In re Hall*, 50 Conn. 131; *Wright v. Noell*, 16 Kan. 601. (8) No prohibition exists in the constitution, and no express mandatory provision of the statute renders women ineligible for school directors of city, town, or village districts. The statute relied on by relator (sec. 8086, R. S. 1889), is directory in its language, terms, and import. See sec. 8086; also, sec. 8085. (9) All statutes using affirmative language and having reference to the time, formality, or method of doing some public acts required to be done, will generally be regarded as merely directory, unless there be words making the thing done void, if not done in accordance with the prescribed requirements. 23 Am. and Eng. Ency. of Law, p. 471, and cases cited; *City of Cape Girardeau v. Riley*, 52 Mo. 424; *West v. Ross*, 53 Mo. 350; Sedgwick on Con. of Stat. and Con. Law, pp. 316, 317, and 318; *State ex rel. v. Railroad*, 113 Mo. 297. Statutes similar in language, terms, and import to section 8086, have been held to be directory. *Foot v. Prowse, Major de Truro,*

1 Strange, 625; *St. Louis County Court v. Sparks*, 10 Mo. 117, see p. 121. (10) The statute should be construed strictly in favor of respondent. The courts will, if they can, give effect to the verdict of a popular election. They are anxious rather to sustain than to defeat the popular will. 1 Dillon on Mun. Corp. [4 Ed.], sec. 168, and cases cited. (11) Municipal corporations should not be interfered with in their internal police and administrative government unless some clear right has been withheld, or wrong perpetrated. They are the germs of popular government. *State v. Swearingen*, 12 Ga. 23. (12) If strictly construed, and as to respondent McSpaden the statute should be strictly construed, section 8086 only applies to directors elected for a term of three years. This proceeding is criminal in its origin and no inference or liberal construction should be indulged in against the respondents. Exceptions, privileges, and exemptions are not favored by the law. *State ex rel. v. Fisher*, 119 Mo. 344. (13) Constitutional and statutory provisions should be construed, as far as possible, in favor of equality of rights, with a view to promote the public interests which are benefited by every legitimate use of individual ability. 19 Am. and Eng. Ency. of Law, p. 404.

BARCLAY, P. J.—This is a proceeding, original in this court, to ascertain by what warrant defendants assume to act as directors of a school district in the city of Piedmont, in Wayne county. The action was begun by an information exhibited by Mr. ING, the prosecuting attorney of that county. The defendants are Mrs. LILLIE MCSPADEN and Messrs. LEE, CLARK, and BATES. The defendants are charged with having taken forcible possession of a schoolhouse in Piedmont by virtue of their pretended offices, and to be usurping generally the powers of said offices.

The history of the unfortunate difference that gave rise to these proceedings need not be given at any great length. The defendants' counsel at the bar concedes that all of the defendants (except Mrs. McSpaden) are not entitled lawfully to act as directors; so the case is narrowed to a consideration of the official standing of Mrs. McSpaden.

We shall assume for the purposes of this hearing (though there is an issue on that point in the pleadings) that she was duly elected to the office of school director. The serious objection interposed to her exercise of the duties of the office is that she can not be permitted to hold the office, because of her sex.

On her part there is an earnest and able argument to show that the objection just mentioned is not valid. A further defense is based on the fact that a prior information in *quo warranto* was filed in the circuit court of Wayne county (long before the proceeding in this division of the supreme court was begun). It is claimed that while that action is in progress the pending action here should be abated.

The case in Wayne county was instituted against Mrs. McSpaden, alone, in August, 1896, by the same prosecuting attorney, Mr. Ing, but upon the relation of certain private persons, named therein as relators. The circuit court entered a rule for defendant to answer; but the service thereof was afterward quashed by the court for insufficiency, and another rule to the same purport was entered, returnable at the February term, 1897. There is nothing before this division to show that this rule was served on the said defendant before this action was brought, November 11, 1896.

The facts which we consider decisive of the case are admitted.

1. The defense founded on the pendency of another action in the circuit court needs but short notice. The former action was based upon an information by the prosecuting attorney on the relation of several private persons. Under the statute governing such proceedings, the cause, once begun, could not be dismissed by the prosecuting attorney without the consent of the relators. R. S. 1889, sec. 7390. The case now at bar was started by an information filed by the prosecuting attorney, officially, in the name of the State of Missouri, and independently of any suggestion by any private person. This form of action is essentially one on behalf of the State, and its use can not properly be held to be nullified or abridged by a prior action on the relation of unofficial parties.

The State, it is true, has moved in this matter at the instance of the prosecuting attorney of the county, without the intervention of the attorney-general. But no objection of any want of authority on the part of the former to represent the State, or to take such steps on its behalf, has been interposed in any manner, so no objection of that kind need be considered.

The different classes of proceedings in *quo warranto* have been described in former opinions of the supreme court. *State ex rel. v. St. Louis Perpet. etc. Ins. Co.* (1843) 8 Mo. 330; *State v. Vail* (1873) 53 Mo. 97. It is plain to us that an information by the State's officer should not be abated by a suggestion of the fact that an earlier action, founded on the relation of private parties, is yet pending in a circuit court.

Nor is it necessary to inquire whether the plea of a former action is not bad on other grounds.

2. The objection that the defendant, Mrs. McSpaden (because a woman) is disqualified to exercise the functions of a school director of Piedmont is well taken, under the existing law. It is conceded that the

following section of the Revised Statutes of 1889 is applicable to the case, viz.:

"Sec. 8086.  *Election of directors.*—The qualified voters of the district shall, annually, on the first Tuesday of April, elect two directors, who are citizens of the United States, resident tax-payers and qualified voters of the district, and who shall have paid a state and county tax within one year next preceding their election or appointment, who shall hold their office for three years and until their successors are duly elected and qualified; and all vacancies in the board shall be filled for the unexpired term."

According to the constitution of Missouri only males are eligible as voters, and hence only males are eligible as school directors under the law above quoted. Const. 1875, art. 8, sec. 2.

It is argued on behalf of Mrs. McSpaden that the qualifications defined by section 8086 are merely directory, and may be disregarded at the will of the electors of a school district.  But we do not regard that argument as sound.  Within the limitations imposed by the organic law, the legislature has the power to prescribe the qualifications requisite to office-holding, and it is not the proper function of any court to nullify any of them.  The choice of the people for such an office must be confined to those persons who by law are designated as qualified to take the office and discharge its duties.  The wisdom and good policy of such enactments are matters for the consideration of the lawmaking department of the government.

Mrs. McSpaden is not qualified by law to fill the office of school director of Piedmont, and a judgment of ouster will be entered against her as well as against all the other defendants.  MACFARLANE, ROBINSON, and BRACE, JJ., concur.