PEOPLE OF PORTO RICO EX REL. JULIO ZAYAS, Petitioner and Appellant, *v.* HERMENEGILDO SANTIAGO, Defendant and Appellee.—PEOPLE OF PORTO RICO EX REL. JOSÉ INOCENCIO COLÓN, Petitioner and Appellant, *v.* JUAN DÍAZ ROBLEDO, Defendant and Appellee.—PEOPLE OF PORTO RICO EX REL. JOSÉ SANTIAGO RIVERA, Petitioner and Appellant, *v.* MANUEL VALLE, Defendant and Appellee.

Nos. 4635, 4636, 4637. Argued July 9, 1928.—Decided July 24, 1928.

*Leopoldo Tormes* and *R. Martínez Nadal* for the appellants. *Agustín E. Font, Attorney General J. R. Beverley,* and *Assistant Attorneys General J. A. López Acosta* and *R. A. Gómez* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Julio Zayas, José Inocencio Colón and José Santiago Rivera, members of the Municipal Assembly of Santa Isabel elected in the general election of 1924, informed the district attorney of Guayama that Hermenegildo Santiago, José Díaz Robledo and Manuel Valle were usurping, respectively, the offices of the relators, whereupon the district attorney petitioned the district court to allow and order three informations in the nature of *quo warranto* in order to determine the rights of the relators to their said public offices.

In each case the petition of the district attorney was accompanied by a complaint signed by the district attorney and by the attorney for the relator and sworn to by the relator. The court ordered the summoning of the defendants and set May 4, 1928, for hearing the information. The defendants were summoned in due form.

At this stage the district attorney presented to the court three similar motions for dismissal. The following is a transcription of one of them:

"Now comes the district attorney of Guayama to withdraw the petition filed in this court on April 20, 1928, for an information in the nature of *quo warranto* in this case in order to settle finally the right of the relator to the office of municipal assemblyman of Santa Isabel and to oust Hermenegildo Santiago therefrom. This with-

drawal is based on the following: Prior to filing the petition in this court the relator and his attorney, Leopoldo Tormes García, called at the office of the Attorney General of Porto Rico and requested him to authorize the petition and others of the same kind, which request was denied. As section 2 of the Act establishing *quo warranto* proceedings of March 1, 1902, authorizes the Attorney General or any district attorney of the respective district court, either of his own accord or at the instance of any individual relator, to institute these proceedings, and as the undersigned district attorney is a delegate in this district of the Attorney General who refused such authorization, he respectfully prays the court to grant the motion to withdraw and order the stay of all proceedings in the present case."

The court forthwith sustained the motions in the three cases. The following is a copy of one of the orders:

"In view of the motion of the district attorney for dismissal of this case because when he authorized the proceeding he was not aware that this same question had been submitted to the Attorney General who refused to authorize it and that as he is a delegate of the Attorney General, he does not desire to go on with the case, but on the contrary moves to withdraw his petition, in conformity with section 2 of the Act establishing *quo warranto* proceedings of March 1, 1902, and section 192 of the Code of Civil Procedure, the court sustains the motion of the district attorney and quashes the summons served on the defendant to appear on the 4th of next May and orders the dismissal of this case without special imposition of costs."

The relators appealed to this Supreme Court and in their briefs assign as errors that the district court committed error in ruling on the motions of the district attorney without notifying the relators and in dismissing the proceedings as definitely abated.

Briefs were filed by the relators, by the defendants and by the Attorney General. No jurisprudence bearing directly on the question has been cited.

The relators cited a note to the case of *People ex rel. Rasten v. Healy,* 15 L.R.A. (N.S.) 604, to the effect that when the information has been filed and proceedings have been commenced they can not be dismissed or stayed without the

consent of the relator; but the note shows that that is a statutory provision of Missouri and not a conclusion reached by courts by considering the nature of the writ of *quo warranto* in the absence of such a statutory provision, as is the case in Porto Rico.

In *Santiago* v. *Feuille,* 10 P.R.R. 408, the following jurisprudence was established:

"In *quo warranto* proceedings the object of which is to recover an office, the petitioner is the real party in interest; but where the suit is in regard to the usurpation of a franchise by a corporation, The People of Porto Rico is the proper party and must be represented by the Attorney General or one of the district *fiscals.*

"*Quo warranto* proceedings are considered as civil actions. . . . .

"In *quo warranto* proceedings, where the Attorney General has signed the application or where the court has authorized the institution of the proceeding either at the instance of the Attorney General or of any of the district *fiscals,* the petitioner may continue the proceeding through his own attorney until final decision; and when the Attorney General has once signed the application it is unnecessary for him to sign any other document or to intervene in any other proceeding relative to the case, although he has a right to do so."

As these cases involve the right to public offices the real party in interest is the relator, and consequently, as the action is a civil one, it would have been good practice at least to give notice to the relator of the motion to dismiss.

The People of Porto Rico undertakes to show in its brief that the complaints are without merit and says that prior to their presentation by the district attorney of Guayama the attorney for the relators went to the office of the Attorney General in the name of Ramón Rodríguez and asked him to authorize an information involving the question of the illegal constitution of the Municipal Assembly of Santa Isabel and the Attorney General, exercising his discretion, refused to give his consent. And it continues as follows:

"These facts having been stated, the only question involved herein to be then considered, since the right of the assembly to declare the offices vacant for failure to perform on the part of the relators, has

not been attacked, is whether the district attorney or the Attorney General, as a rule, is empowered by our law to withdraw a petition in *quo warranto* authorized by these officials for the benefit of a third person, if they are convinced that the authorization was obtained by deception, bad faith, surprise or insufficiency of facts, as disclosed by subsequent inquiries. If it be concluded that the granting of a petition of *quo warranto* is discretional with the Attorney General or the district attorney and that rule has been sustained by this court in the case of Santiago v. Feuille, 10 P.R.R. 408, and in the recent mandamus case of Rodríguez v. López Acosta, in which it was held that if there is no abuse of discretion the court will not intervene by mandamus, then there is no doubt that the district attorney, or the Attorney General, may retire that authorization if sufficient reasons are given to show that the authorization was improvidently granted.

"We also maintain that the court had full authority under the law to deny the petition in *quo warranto* as soon as it was cognizant of the fact that the district attorney who auhorized the information had withdrawn his authorization to continue said special proceeding.

" 'Proceedings by *quo warranto* may be abated by the court when it appears that the public interest is not involved, whether the fact is disclosed by the pleading or in any other manner.' 32 Cyc. 1140.

"This is a general rule and recognition is thereby given to the authority of the court to dismiss a petition in *quo warranto* and this knowledge is reached not only from the pleadings before it but in any other way. It is a fact that our statutes require such informations to be authorized by the Attorney General or by the district attorneys. We want to state now that we do not agree with the district attorney that he acts as a delegate of the Attorney General. We are of the opinion that he has broad and independent power to authorize a *quo warranto* and for the same reason has power to discontinue the same if he becomes convinced that such authorization is not justified. Therefore, if the district attorney becomes aware that authority to institute a *quo warranto* proceeding has been obtained by surprise, and in any other manner or form he acquires the conviction that it is for the public welfare or general interest that such proceeding should not be perfected, we hold the view that the district attorney has power under the law to withdraw his authorization.

" 'It is ground for abatement that the officer filing the information was without authority to do so, but an objection based thereon must be made seasonably or it will be deemed to be waived.' State v. McSpaden, 39 S. W. 81; 32 Cyc. 1140.

"In the case at bar, as soon as the petition was filed and the district attorney had knowledge of the law and the facts, and before the cases had been heard, he moved the court for leave to withdraw his authorization based on the impropriety of the proceeding. It can not be contended that the district attorney had waived his right or that he had not acted with diligence. Therefore, we understand that he proceeded with all possible diligence. It is beyond doubt that if attorney Tormes, in behalf of the relators, had, at the time of submitting the documents to the district attorney of Guayama to be signed by him, informed him of the fact that a similar petition had been submitted to the department of justice and that said department had refused its authority for the *quo warranto* proceeding, we are quite sure and positive, judging from the very acts of the district attorney, that he would never have authorized said petitions in *quo warranto*, without at least securing information from this department regarding the motives which influenced the Attorney General to refuse the petition of Rodríguez involving the same questions of public interest as were involved in the petitions presented to the district attorney whose authorization was obtained without his having before him full information in regard to the facts and circumstances prevailing in Santa Isabel."

Some of the facts referred to by the Attorney General do not appear in the record.

We think that if it were demonstrated that the official who authorized the information had been deceived by the relator, said official would not only have power to withdraw his consent, but it would be his duty to do so, it being incumbent on the court in turn to make the proper ruling, but giving an opportunity to the relator to explain his conduct. When the Attorney General or the district attorney has exercised his discretion and the proceedings are commenced in the court the relator acquires the right to proceed on his own account and therefore should not be disturbed in the exercise of that right unless there are strong reasons therefor, and in any case he should be notified before the proceedings can be dismissed. It is so required by the most elementary principles of logic, justice and legal practice.

Considering the motion of the district attorney as it is

worded, we must conclude that it does not allege deception or any fundamental reason, nor even the exercise of his own judgment on the merits of the case, but the mere fact of the refusal of the Attorney General in a like case and of his being a delegate of the Attorney General in the district.

We know what the Attorney General has said in his brief. The district attorney does not act in these matters by delegation, but on his own authority. The reasons alleged by him for dismissal are not sufficient. Let us suppose that a district attorney becomes convinced, after fully examining the previous circumstances, of the justice of the relator's case and authorizes the presentation of the information, could he withdraw later while holding that conviction in his conscience simply because the Attorney General in a similar case had followed a contrary course? Is it necessary that his discretion should give way to the discretion of the Attorney General? Certainly not, in our judgment.

This being so, the orders appealed from should be reversed and the cases remanded to the proper district court for further proceedings in accordance with the law.