El Pueblo de Puerto Rico, Ex-rel, Julio Zayas, peticionario y apelante, *v.* Hermenegildo Santiago, querellado y apelado; El Pueblo de Puerto Rico, Ex-rel, José Inocencio Colón, peticionario y apelante, *v.* Juan Díaz Robledo, querellado y apelado; El Pueblo de Puerto Rico, Ex-rel, José Santiago Rivera, peticionario y apelante, *v.* Manuel Valle, querellado y apelado.

Nos. 4635, 4636, 4637.—*Vistos:* Julio 9, 1928. *Resueltos:* Julio 24, 1928.

*Leopoldo Tormes y R. Martínez Nadal,* abogados del apelante; *Agustín E. Font, Attorney General J. R. Beverly,* y *J. A. López Acosta, y R. A. Gómez, Sub-Procuradores,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Julio Zayas, José Inocencio Colón y José Santiago Rivera, miembros de la Asamblea Municipal de Santa Isabel, electos por el Pueblo en las elecciones generales de 1924, acudieron al Fiscal de la Corte de Distrito de Guayama y alegando que Hermenegildo Santiago, José Díaz Robledo y Manuel Valle se encontraban, respectivamente, usurpando los cargos de los peticionarios, obtuvieron que dicho funcionario solicitara de la corte del distrito que permitiera y ordenara tres informaciones de la naturaleza de *quo warranto* a fin de resolver

en definitiva el derecho de los peticionarios a sus expresados cargos públicos.

A la solicitud del fiscal se acompañó en cada caso la correspondiente querella firmada por el fiscal y por el abogado del relator y jurada por el relator. La corte ordenó la citación de los querellados fijando el 4 de mayo de 1928 para la práctica de la información. Los querellados fueron citados en debida forma.

Así las cosas, el fiscal presentó a la corte tres mociones de desistimiento esencialmente iguales. Se transcribe una de ellas. Dice así:

"Hon. Corte:—Comparece el Fiscal del Distrito de Guayama, P. R., para desistir de la solicitul radicada en esta Corte con fecha 20 de abril de 1928, en que solicitaba se permitiera y ordenara una información de la naturaleza del Quo Warranto en el caso del epígrafe, a fin de poder resolver en definitiva el derecho del querellante al cargo de miembro de la Asamblea Municipal de Santa Isabel, P. R., y para que Hermenegildo Santiago fuera desposeído del mismo. Este desistimiento tiene como fundamento lo siguiente: Con fecha anterior a la radicación de esta solicitud en esta Corte, el querellante acompañado de su abogado Ledo. Leopoldo Tormes García, compareció en la oficina del Hon. Procurador General de Puerto Rico, solicitando que dicho funcionario autorizara la misma y otras de idéntica naturaleza, habiendo sido denegada su petición. Como de acuerdo con la ley que provee para esta clase de recursos o sea, la 'ley estableciendo los procedimientos del Quo Warranto,' aprobada en 1 de marzo de 1902, en su sección segunda, al Fiscal General, o a cualquier Fiscal de la respectiva Corte de Distrito, ya obrando por su propia iniciativa, ya a instancia de otra persona, se confieren facultades para autorizar estos procedimientos, y siendo el Fiscal que suscribe un delegado del Procurador General en este distrito, habiendo aquél denegado tal autorización.

"A LA HON. CORTE RESPETUOSAMENTE SUPLICA se le dé por desistido, ordenando la suspensión de todos los procedimientos en el presente caso.

"Guayama, P. R., a 23 de abril de 1928. (f) Fiscal del Distrito, Tulio Rodríguez."

Y la corte inmediatamente resolvió de conformidad en los

tres casos. A continuación se copia una de las resoluciones que dice:

"Vista la Moción del Hon. Fiscal del Distrito, solicitando que se le tenga por desistido de la continuación de este caso, toda vez que cuando autorizó la querella ignoraba que esta misma cuestión había sido sometida al Hon. Attorney General quien se negó a autorizarla y que siendo él un delegado de dicho funcionario no desea continuar en la tramitación de este caso y por el contrario solicita que se le tenga por desistido de su petición, y vista la sección 2 'de la ley estableciendo los procedimientos de *Quo Warranto*', aprobada en marzo 1 de 1902, y el artículo 192 del Código de Enjuicimiento Civil, la Corte declara con lugar la moción del Fiscal y deja sin efecto la citación que se hizo al querellado para que compareciera el día 4 de mayo próximo y ordena el sobreseimiento y archivo de este caso, sin especial condenación de costas."

No conformes los querellantes apelaron para ante esta Corte Suprema señalando en sus alegatos dos errores, a saber: que la corte de distrito erró al resolver las mociones del fiscal sin notificarse al querellante o relator y al decretar el sobreseimiento y archivo de los asuntos como definitivamente terminados.

Además de los querellantes presentaron alegatos los querellados y el Pueblo de Puerto Rico por su Procurador General. Ninguna jurisprudencia que resuelva directamente la cuestión envuelta ha sido aportada.

██ Los querellantes citaron de una nota al caso de *People ex rel Rasten* v. *Healy*, 15 L.R.A. (N. S.) 604, al efecto de que una vez que la querella ha sido archivada y han comenzado los procedimientos, los mismos no podrán desistirse o suspenderse sin el consentimiento del relator, pero examinando la nota encontramos que ésa es una disposición de la propia ley en el estado de Missouri, no una conclusión a que llegaran las cortes a virtud de un estudio de la naturaleza del auto de *quo warranto* aunque el precepto expreso no existiera, como sucede en Puerto Rico.

En el caso de *Santiago* v. *Feuille*, 10 D.P.R. 432, se estableció la siguiente jurisprudencia:

"En los casos del *quo warranto,* cuando el procedimiento tiene por objeto la reclamación de un empleo o cargo, el promovente es la verdadera parte interesada, pero cuando el pleito versa sobre usurpación de una franquicia por alguna corporación, El Pueblo de Puerto Rico es la única parte interesada y debe ser representado por el Attorney General o alguno de los fiscales de distrito.

"Las informaciones de *quo warranto* están consideradas como acciones civiles . . . ."

"En los casos de *quo warranto* una vez que el Attorney General haya consentido en firmar la solicitud, o que la corte haya autorizado que se promueva la información, bien a instancias del Attorney General o de alguno de los fiscales de distrito, el promovente puede continuar el procedimiento, bajo la dirección de su propio abogado, hasta obtener su resolución final; y una vez que el Attorney General haya firmado la solicitud, no es necesario que firme ningún otro documento o que intervenga en ningún otro procedimiento relativo al caso, aunque desde luego tiene perfecto derecho para hacerlo."

Como aquí está envuelto el derecho a cargos públicos, la verdadera parte interesada es el relator, y en tal virtud, tratándose como se trata de una acción civil, la buena práctica hubiera sido por lo menos notificar la moción de sobreseimiento al relator.

En su alegato El Pueblo de Puerto Rico trata de demostrar que las querellas carecen de mérito y dice que con anterioridad a la presentación de las mismas por parte del fiscal del distrito de Guayama, el abogado de los querellantes, a nombre de Ramón Rodríguez, estuvo en la oficina del Procurador General pretendiendo que se le autorizara una querella en la que estaba envuelta la misma cuestión de la constitución ilegal de la Asamblea de Santa Isabel y en el ejercicio de su discreción el Procurador rehusó prestar su consentimiento. Y continúa diciendo:

"Expuestos estos hechos, la única cuestión envuelta en este caso a considerar entonces, toda vez que el derecho de la Asamblea a declarar vacante los cargos por la falta de cumplimiento de los querellantes, no ha sido impugnado, es si el Fiscal del Distrito o el Procurador General, como cuestión general, están autorizados por

nuestra ley para desistir de una petición de quo warranto autorizada, por dichos funcionarios y para beneficio de una tercera persona, si llegan al convencimiento de que dicha autorización fué obtenida por engaño, mala fe, sorpresa o insuficiencia de hechos, de acuerdo con investigaciones posteriores. Si se llega a la conclusión de que la concesión de una petición de quo warranto es discrecional en el Attorney General o en el Fiscal del Distrito y éste principio ha sido sostenido por esta Hon. Corte en el caso de *Santiago* vs. *Feuille*, 10 D.P.R. 432, y en el caso reciente de mandamus de *Ramón Rodríguez* vs. *López Acosta, Acting Attorney General*, donde se resuelve que si no existe abuso de discreción, la corte no intervendrá por medio del mandamus, entonces no hay duda que el Fiscal del Distrito, o el Attorney General pueden retirar dicha autorización, si se demuestra y se justifica en su discreción causa suficiente para demostrar que la autorización fué improvidentemente concedida.

"También sostenemos, Honorables Señores, que la Corte tenía perfecta autoridad de ley para desestimar la petición de quo warranto una vez notificada de haber el Fiscal del Distrito, que fué el funcionario que autorizó la petición, retirado su autorización para la continuación de dicho procedimiento especial.

" 'Proceedings by quo warranto may be abated by the court when it appears that the public interest is not involved, whether the fact is disclosed by the pleading or in any other manner.' 32 Cyc. 1140.

"Este principio es general y reconoce la autoridad de la Corte para desestimar la solicitud del procedimiento de quo warranto, y a este conocimiento puede llegarse no solamente de las alegaciones ante la misma, sino en cualquier otra forma. Es un hecho que nuestra ley requiere que estas peticiones sean autorizadas por el Attorney General o por el Fiscal del Distrito. En este momento, queremos hacer constar que no estamos conformes con la teoría del Fiscal del Distrito de que él actúa por delegación del Attorney General. Creemos que él tiene autoridad amplia e independiente para conceder un quo warranto, y por la misma razón tiene autoridad para desistir de él cuando se convenza de que dicha autorización no está justificada. Por consiguiente, si el Fiscal del Distrito viene en conocimiento de que ha sido sorprendido en la concesión de una autorización de quo warranto, y en cualquier otra forma o manera se convence de que es de bienestar público e interés general que dicho procedimiento no se sustancie, entendemos que el Fiscal del Distrito está capacitado por la ley para retirar su autorización.

" 'It is ground for abatement that the officer filing the informa-

tion was without authority to do so, but an objection based thereon must be made seasonably or it will be deemed to be waived.' State vs. McSpaden, 39 S. W. 81; 32 Cyc. 1140.

"En el presente caso, tan pronto fué radicada la petición y tan pronto como el Fiscal del Distrito tuvo conocimiento de la ley y de los hechos, y antes de que se efectuara vista alguna en dichos casos, el Fiscal solicitó de la corte retirar su autorización, fundándose en la improcedencia del procedimiento. No puede alegarse que hubiese el Fiscal renunciado su derecho, ni que fuese tardío en sus actuaciones. Por consiguiente, entendemos que actuó con toda la diligencia posible. Es incuestionable que si el Ledo. Tormes, a nombre y en representación de los querellantes, y al tiempo de presentar los papeles para la firma del Fiscal en Guayama, le hubiese informado de la existencia de una petición igual al Departamento de Justicia y la negativa del Departamento a autorizar estos procedimientos de quo warranto, estamos plenamente seguros y justificados por las propias actuaciones del Fiscal que él nunca hubiera autorizado dichas peticiones de quo warranto, al menos sin obtener informes de este Departamento, de las causas que tuvo el Attorney General para no conceder la petición de Rodríguez, en la cual estaban envueltas las mismas cuestiones de interés público que estaban envueltas en las peticiones presentadas al Fiscal del Distrito y cuya autorización se obtuvo sin que el Fiscal tuviera ante sí completa información de los hechos y de la situación de Santa Isabel.''

Algunos de los hechos a que se refiere el Procurador General, no constan de los autos.

Creemos que si se demostrara que el funcionario que autorizó la querella había sido engañado por el relator, dicho funcionario no sólo tendría facultad para retirar su consentimiento, si que también sería su deber hacerlo así, debiendo la corte a su vez dictar la resolución que fuere procedente, pero dando siempre una oportunidad de explicar su conducta al relator. Una vez que el Fiscal General o el de distrito ejercitan su discreción y los procedimientos se comienzan en la corte, el relator adquiere el derecho a seguir por sí mismo y por lo tanto no debe ser perturbado en el ejercicio de ese derecho a menos que existan razones poderosas para ello y en cualquier caso debe notificársele antes de que puedan

dichos procedimientos archivarse. Los más rudimentarios principios de lógica, justicia y práctica legal así lo exigen.

Juzgando la moción del fiscal del distrito por sus propios términos, es necesario concluir que no se alega en ella el engaño o razón básica alguna, ni siquiera el ejercicio del propio juicio sobre los méritos del caso, sino simplemente el hecho de la negativa de un caso igual por parte del Procurador General y el de ser él un delegado del Procurador en el distrito.

Conocemos lo dicho por el propio Procurador General en su alegato. El fiscal del distrito no actúa en estos asuntos por delegación, sino por su propia autoridad. La causa que alegó para desistir aparentemente no es bastante. Supongamos que un fiscal de distrito tras un examen completo de los antecedentes se convence de la justicia de la causa del querellante y autoriza la presentación de la querella, ¿podría luego, guardando en su conciencia el mismo convencimiento, por el solo hecho de que el Procurador General había adoptado en otro caso una actitud contraria, desistir? ¿Es necesario que su discreción ceda a la discreción del Procurador General? En manera alguna, a nuestro juicio.

Siendo esto así, *las resoluciones apeladas deben revocarse*, *devolviéndose* los casos a la corte de distrito de su origen para que continúen tramitándose de acuerdo con la ley.