EL PUEBLO DE PUERTO RICO, EX REL. FÉLIX CEPEDA RODRÍGUEZ, relator y apelante, *v.* BOLÍVAR PAGÁN, querellado y apelado.

Núm. 8084.—*Sometido:* Enero 15, 1940. *Resuelto:* Enero 17, 1940.

*Virgilio Brunet* y *Miguel A. Casiano,* abogados del apelante; *Bolívar Pagán, pro se,* y *Cayetano Coll Cuchí,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El quince de noviembre último el querellado archivó una moción solicitando la desestimación del recurso por haberse interpuesto por el relator y no por El Pueblo de Puerto Rico por su Procurador General que es la parte verdaderamente interesada.

El quince de enero actual se celebró la vista de la moción, con asistencia e informe de los abogados de ambas partes.

Según los autos el procedimiento fué iniciado en noviembre 5, 1938, por el Procurador General de Puerto Rico a instancia de Félix Cepeda, ciudadano de los Estados Unidos, comerciante, contribuyente, elector y vecino de la ciudad de San Juan, Puerto Rico, contra Bolívar Pagán, por los siguientes motivos:

1. Bolívar Pagán fué nombrado Tesorero de la Capital en 1931, por el Administrador Sr. Benítez, de acuerdo con la Ley Núm. 99 de ese año (Leyes de 1931, pág. 627), y aceptó el cargo.

2. En 1937 el Administrador de Castro le extendió un nuevo nombramiento que aceptó, desempeñando el puesto en la actualidad.

3. En las elecciones de 1932 Bolívar Pagán fué electo Senador por acumulación y reelecto en las de 1936, desempeñando el cargo en la actualidad.

4. De acuerdo con el artículo 16 del Código Político, como fué enmendado por la Ley núm. 37 de 1917 (Leyes de 1917 (2) pág. 329), Bolívar Pagán no puede ejercer el cargo de Tesorero por ser dicho cargo incompatible con el de Senador.

5. Bolívar Pagán en 1933, siendo Tesorero, presentó en el· Senado y dió su voto, a la Ley núm. 32 (Leyes de 1932–33, pág. 255) transformando el gobierno municipal de San Juan convirtiéndolo en una corporación política y jurídica de gobierno local, ley de privilegio hecha con el propósito de legalizar su ocupación del cargo de Tesorero y por consiguiente nula por ser contraria al Acta Orgánica y a la Constitución.

Autorizado el procedimiento, contestó el querellado .y el relator intervino directamente representado por sus abogados Brunet y Casiano. La corte finalmente dictó sentencia en junio 20, 1939, declarando la petición de *quo warranto* sin lugar.

Notificada la sentencia por el secretario de la corte a Virgilio Brunet, como representante de la parte perjudicada, apeló.

El escrito de apelación está redactado así:

"Sirva la presente para notificar a ustedes que no estando conforme el relator en este caso, Félix Cepeda Rodríguez, con la sentencia dictada por la Hon. Corte de Distrito de San Juan el 20 de junio de 1939 en el caso de epígrafe, establece por medio de la presente recurso de apelación para ante la Hon. Corte Suprema de Puerto Rico.

"San Juan, Puerto Rico, a 11 de julio de 1939. Virgilio Brunet & Miguel A. Casiano, Abogados del relator, por (*f*) Virgilio Brunet."

No consta de los autos que apelara el Procurador General como representante del Pueblo. Tampoco que se le notificara la sentencia.

Expuestos los hechos parece conveniente transcribir lo que dijo esta corte por medio de su Juez Asociado Sr. de Jesús

recientemente en el caso del *Pueblo ex rel. López* v. *Pérez Peña,* 54 D.P.R. 804, 814. Es así:

"Por último debemos considerar, en relación con la excepción previa, la falta de interés o capacidad legal del *relator* para instituir este procedimiento. Es verdad que esta cuestión no ha sido discutida en el alegato del apelante, pero la levantó en sus alegaciones y la discutió en la corte inferior, y como de existir tal incapacidad, afectaría la suficiencia de la información, es nuestro deber discutirla.

"El artículo 2 de la ley estableciendo el procedimiento de *quo warranto,* que es el artículo 641 del Código de Enjuiciamiento Civil (ed. 1933), según quedó enmendado por la Ley núm. 47 de 7 de agosto de 1935 (sesión extraordinaria, pag. 531), en lo pertinente dice así:

" 'Cuando alguna persona usurpare o ilegalmente ejerciere o desempeñare funciones de algún cargo público . . . o cuando cualquier funcionario público haya cometido o permitido alguna acción que de acuerdo con las disposiciones de la ley envuelva la pérdida de su cargo; . . . el Fiscal General o cualquier fiscal de la respectiva Corte de Distrito, *ya obrando por su propia iniciativa, ya a instancias de otra persona,* podrá radicar ante cualquier Corte de Distrito de Puerto Rico una solicitud para que se instruya información de la naturaleza del *quo warranto* a nombre de El Pueblo de Puerto Rico; . . .' (Bastardillas nuestras.)

"Muy parecido a nuestro estatuto es el artículo 803 del Código de Enjuiciamiento Civil de California que en lo pertinente dice así:

" 'Artículo 803.—El Procurador General puede instituir una acción a nombre de El Pueblo de este estado, de su propia iniciativa o a instancias de una persona particular, contra cualquier persona que usurpare o ilegalmente ocupare o ejerciere cualquier cargo público, civil o militar, o cualquier franquicia dentro de este estado . . .'

"El Estado, a nombre del cual se instituye este procedimiento, es la única parte demandante en el mismo. Como el procurador general puede actuar de su propia iniciativa, el carácter del *relator,* cuando éste no reclama el derecho a ocupar un cargo público desempeñado por otra persona, es similar al de un testigo de cargo en un procedimiento criminal. Por consiguiente, no es necesario que tenga interés especial alguno en el cargo en cuestión. Así lo ha resuelto el Tribunal Supremo de California repetidamente, entre otros en los casos de *The People of the State of California, ex rel. John M. Cage, relator,* v. *Petroleum Rectifying Co.,* 21 Cal. App. (2d) 289; *People* v. *Reclamation District No. 108,* 169 Cal. 786, 147 P. 1176;

*People* v. *Sutter Street Railway Co.*, 117 Cal. 604, 612, 49 P. 736; *People* v. *Milk Producers Association*, 60 Cal. App. 439, 442; y finalmente el de *People* v. *California Protective Corporation*, (1926) 76 Cal. App. 354, 361, de cuya opinión tomamos el siguiente párrafo:

" 'En apoyo de su contención de que el apelado no tiene capacidad legal para demandar, arguye el apelante que el *relator*, la Asociación de Abogados de Los Angeles, no es una corporación y por consiguiente carece de capacidad para demandar a nombre de la Asociación. Esta contención revela un inexplicable desconocimiento de la naturaleza de este procedimiento y de la relación que con el mismo tiene El Pueblo como demandante. El mal que se ataca es de naturaleza pública y no de interés particular. La única relación del Colegio de Abogados se indica al principio de la demanda, que dice: "El Pueblo, por su Procurador General, por información y querella de Los Angeles Bar Association, se querella del demandado y alega como causa de acción . . ." La adición del nombre del Colegio de Abogados no convierte este procedimiento en una acción de carácter particular. Es innegable que el brazo de la ley se movió a virtud de la información que el Colegio de Abogados suministró al Procurador General, pero eso no convirtió al Colegio en demandante en esta acción.'

"Conviene distinguir el caso de autos del de *El Pueblo ex rel. Zayas* v. *Santiago*, 38 D.P.R. 699, 702, en que este tribunal, siguiendo el de *Santiago* v. *Feuille*, 10 D.P.R. 432, dijo:

" 'Como aquí está envuelto el derecho a cargos públicos, la verdadera parte interesada es el *relator* . . .'

"Tanto en el caso de *El Pueblo ex rel. Zayas* v. *Santiago*, como en el de *Santiago* v. *Feuille*, *ubi supra*, el *relator* reclamaba para sí un cargo para el cual alegaba haber sido legalmente electo y que lo usurpaba otra persona. En tales circunstancias su interés en el resultado del procedimiento es manifiesto. En el presente caso el *relator* no reclama para sí el cargo. Su interés en el asunto fué sencillamente el que tiene todo ciudadano de que los funcionarios que han de regir los destinos de la ciudad en que reside sean electos de acuerdo con la ley. Por eso se dijo en el caso de *Santiago* v. *Feuille*:

" ' 'En los casos de *quo warranto, cuando el procedimiento tiene por objeto la reclamación de un cargo o empleo,* el promovente (*relator*) es la verdadera parte interesada, pero cuando el pleito versa sobre usurpación de una franquicia por alguna corporación, El Pueblo de Puerto Rico es la única parte interesada y debe ser representada por el *Attorney General* o alguno de los fiscales de distrito.' (Bastardillas nuestras.)

"El interés del *relator* en el caso de autos es similar al del *relator* en un pleito que versa sobre usurpación de franquicia por una corporación."

Aplicando esa jurisprudencia a los hechos de este caso demostrativos de que el *relator* no reclama para sí el derecho a ocupar el cargo en controversia, siendo su carácter "similar al de un testigo de cargo en un procedimiento criminal," precisa concluir que la gestión directa del procedimiento corresponde al Pueblo por medio de su Procurador General, siendo él el que debe decidir si se conforma o no con la sentencia dictada por la corte de distrito y por consiguiente correspondiéndole exclusivamente el derecho a establecer el recurso de apelación en el caso de que no se conforme. La apelación interpuesta aisladamente por el *relator* es baldía.

*La moción de desestimación debe ser declarada con lugar.*